967 F.2d 586
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Oscar Roque GATCHALIAN, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 91-70285.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1992.*
Decided June 4, 1992.
 
 Before CHAMBERS, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Oscar Roque Gatchalian petitions for review of the decision of the Board of Immigration Appeals denying his motion to reopen proceedings in order to seek suspension of deportation under 8 U.S.C. § 1254. We have jurisdiction under 8 U.S.C. § 1105a, and we affirm.
 
 
 3
 On December 11, 1986, an immigration judge denied Gatchalian's application for political asylum, withholding of deportation, and voluntary departure. On March 29, 1990, the BIA denied Gatchalian's appeal from the immigration judge's decision. On May 31, 1991, we denied his petition for review.
 
 
 4
 While his petition for review was pending in this court, Gatchalian filed a motion to reopen deportation proceedings in order to seek suspension of deportation under § 244 of the Immigration and Nationality Act, 8 U.S.C. § 1254. The BIA concluded that Gatchalian had not met his burden of establishing prima facie eligibility for suspension of deportation on the ground, among others, that sometime after his entry in 1982, Gatchalian had purchased a bogus I-551 stamp which he placed in his passport indicating that he was a lawful permanent resident, and that it was improbable that discretion would be exercised favorably in light of that conduct.
 
 
 5
 An applicant seeking suspension of deportation must satisfy the statutory eligibility requirements and demonstrate that he merits a favorable exercise of discretion. See INS v. Rios-Pineda, 471 U.S. 444, 445-46 (1985). Gatchalian argues that his purchase of the stamp was an improper basis for the BIA's decision because it is unclear that the stamp was bought within the preceding seven years. In exercising its discretion to suspend deportation, however, nothing precludes the BIA from considering events occurring more than seven years before its decision. See id. at 448, 451 (Attorney General did not abuse his discretion in denying reopening based in part on illegal activity that occurred more than seven years before motion). The BIA did not err in concluding that a favorable exercise of discretion is improbable in light of Gatchalian's immigration fraud.
 
 
 6
 If a motion to reopen is denied on the ground that the applicant has failed to show that a favorable exercise of discretion is probable, it is unnecessary to reach other issues. See id. at 449 ("[I]f the Attorney General decides that relief should be denied as a matter of discretion, he need not consider whether the threshold statutory eligibility requirements are met."). Because the BIA properly denied Gatchalian's application on this basis, it is immaterial whether it correctly concluded that reopening was not warranted on the ground of extreme hardship to Gatchalian's child under 8 U.S.C. § 1254.
 
 
 7
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3